### PAULO *vs.* D. MALO.

---

#### ON EXCEPTIONS.

THE OCCUPATION OF LAND of a decedent in this Kingdom in 1849, before the enactment of the statutes of descent, by a widow, is not necessarily as dowress and may be adverse to the heirs. The question, as to whether such possession is adverse or not, should be left to the jury.

#### BY THE COURT.

The evidence in the bill of exceptions shows that Kea, in

whose name the award was made, and afterwards a patent issued thereon, died in 1848 or 1849; that the plaintiff is his heir-at-law; that the widow of Kea, Kahawalu, continued to reside on the land or to cultivate it, and died in 1871, her brother Kalama living with her at the time of her death. The defendant is his son, who has since been and is now in possession of the land. He defends by adverse possession. The instructions excepted to are: 1. "That if the jury believed from the evidence that Kahawalu was the widow of the patentee, Kea, and occupied the premises in dispute without objection, the statute did not run against the plaintiff until her death in 1871." 2. "That a title by adverse possession was only made out by proof of exclusive possession as against all the world," and, 3. "The Court refused to admit in evidence an alleged lease, no proof of its execution being made. The defendant after verdict took general exceptions to it as being contrary to the law and evidence.

Regarding the last it also appears by the report of the charge that the Court directed the jury to consider the evidence as to the possession being permissive or adverse, and that there was evidence on which a verdict might be found for the plaintiff. The exception, therefore, to the verdict as well as to the second exception in the charge must be overruled.

Martin *vs.* Boyd, 3d Haw. Rep., 88; Ford *vs.* Gibson, 3d Haw. Rep., 258.

The third exception need not be considered. There remains the question raised by the first exception, whether the occupation of the estate by the widow suspended the operation of the Statute of Limitations until her death.

By the statutes of 1846, p. 59, a widow had a right of dower in her husband's land, but the statute does not in terms allow her possession of the estate. The law governing the descent of property is that which is in force at the time of the death of the ancestor, the rights of heirs being considered as arising
68

at that time. 3 Washburne R. P., 413; 10 Met., 293.

The statute of descent first enacted in 1850, and subsequent statutes have no retroactive effect upon this widow's right and possession.

In analogy to the common law and the decisions of other countries, we hold that a widow cannot enter the land until her dower is assigned, because before assignment it is not known what part she shall have for her dower. She is not a tenant in common with the heir; her right rests in action only. See Sigler vs. Van Riper, 10 Wend., pp. 414, 419; Jackson vs. O'Donaghy, 7 Johnson, p. 247; 4 Kent's Com., (12th Ed.), p. 61.

The occupation of a widow then, in 1849, before the statute of descent was passed, was not necessarily as doweress, and might be adverse to the heirs; and the question as to whether her possession was adverse or not should have been left to the jury.

The language used by the Court in the charge excepted to directed the jury, if they found that Kahawalu was in possession of the land as the widow of Kea, to find that the statute did not begin to run until her death. This was error, and we accordingly sustain the exception and order a new trial.

W. R. Castle for plaintiff.

R. F. Bickerton for defendant.

Honolulu, January 5, 1883.