## McGEE v. HALL.

Where one who proves to be a tenant in common has received the rents, and also made improvements, his account for rents should in equity be credited with the increased value by reason of the improvements. It is not a case for betterments under the statute.

Before ALDRICH, J., Anderson, June, 1887.

The opinion fully states the case.

*Messrs. Broyles & Simpson*, for appellant.

*Messrs. Murray, Breazeale & Murray*, contra.

May 7, 1888. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This case has been twice before in

this court.  See 23 *S. C.*, 388, and 26 *Id.*, 179.  In the opinion
last referred to, may be found a full statement of the case, show-
ing that it was an action for partition among tenants in common.
Judge Witherspoon decreed that a certain tract of land (175½
acres), purchased by the defendant, Lemuel M. Hall, from E. C.
Bell, referred to by the seventh paragraph of the complaint, is
subject to partition and division among the heirs of John M.
Hall, deceased; and that in said partition the defendant, Lemuel
M. Hall, the defendant, is entitled to the one undivided ninth
share of Absalom J. Hall by virtue of the deed from E. C. Bell to
the said Lemuel M. Hall, &c.  But it is alleged that the defen-
dant, Catharine L. Tucker, is entitled by purchase to the undivided
one-ninth shares of the following heirs, viz.: Fenton S. Hall,
David L. Hall, Lucinda Hall, and Mary A. Bell.  The parties
whose shares are alleged to have been purchased as aforesaid are
not parties to this action, and as there is no proof as to the truth
of the allegations as to said purchase of said shares by Catharine
L. Tucker, it will have to be referred to the master to take testi-
mony thereon.  It is therefore ordered and adjudged, that it be
referred to the master to ascertain and report whether or not the
defendant, Catharine L. Tucker, is entitled by purchase to the
shares of Fenton S. Hall, David L. Hall, Lucinda Hall, and
Mary E. Bell in the 175½ acres as heirs at law of John M. Hall,
deceased, as alleged in the fifth paragraph of the complaint.  *
*  *  It is further ordered, that the defendant, Lemuel M.
Hall, do account to plaintiffs and defendants, heirs at law of John
M. Hall, deceased, before the master for their proportionate share
of the rents and profits of the 175½ acres of land from June 2,
1883, the date of the filing of the complaint."  On appeal this
decree was affirmed.  26 *S. C.*, 179.

The master gave notice of the reference ordered, as to the
alleged purchases of Catharine L. Tucker of the shares indicated,
and as to the rents and profits of the 175½ acres of land.  De-
fendants' attorney objected to the reference upon the ground that
Judge Witherspoon's decree did not authorize the reference; and
particularly that an order of reference was necessary to authorize
an inquiry as to the value of the rents and profits of the land.
The master, without deciding the question raised, took the testi-

mony upon the question referred, and also touching the rents and profits without concluding the reference, as it was understood that the defendant would apply for an enlargement of the order of reference. This report came up before Judge Aldrich, who made another and fuller order of reference, "to ascertain and report the value of the rents and profits of the land in dispute for the period indicated in the decree, and also what portion of such rents and profits were expended in improvements upon the premises by the defendant, Lemuel M. Hall; that he state the account between the parties therein, and that he have leave to report any special matter," &c.

The plaintiffs appeal from so much of this order "as allows the defendant, Lemuel M. Hall, to set up a claim of betterments or improvements," on the following grounds: I. Because the defendant, Lemuel M. Hall, having commenced no action for the recovery of betterments or improvements within forty-eight hours after the decree of Judge Witherspoon finally determining the rights of the parties, is barred from setting up such claim. II. Because under the act of 1885, which applies as well to actions then pending and not heard as to actions thereafter to be brought for the recovery of the land, the defendant was authorized to set up such claim in his answer, and having failed to do so by amendment, he is barred.

It will be observed that the order of Judge Aldrich made no reference to "betterments" as such, but on the contrary to "what portion of the rents and profits were expended in the improvements." We think he meant no more than the proper principle of accountability between co-tenants, when one of them, supposing himself to be the exclusive owner, has added to the value of the common property by improvements, and is at the same time liable for rents and profits thereof. The defendant, Lemuel M. Hall, having purchased the land from one who held under a foreclosure sale against Absalom J. Hall, claimed that he was the sole and absolute owner of the same. It is true that under the interpretation of the will of David Hall this claim was not sustained by the court. But while it was held that the said Lemuel M. Hall was not the sole owner of the land, it was held that he was entitled to the share of Absalom J. Hall therein, as one of

the heirs at law of John M. Hall, deceased, and therefore was a tenant in common with the plaintiffs. This being the case, we think it a mistake to suppose that, in the accounting as to the rents and profits, the statutory doctrine of "betterments" applies; but, on the contrary, the equitable doctrine as to the accountability of one tenant in common to his co-tenants when he has increased the value of the common property by improvements, and is at the same time liable for rents and profits. This court has had occasion to consider this subject in a late case, in which it was held that "where one of several co-tenants has made improvements, which add to the value of the common property, and at the same time is chargeable with rents and profits, equity requires that the rents and profits shall be regarded as paid, and discharged *pro tanto*, by the increased value which may have been imparted to the premises by the improvements, and the same equity should be enforced where there is no actual partition, but the land is sold for a division of the proceeds among them," &c. See *Sutton* v. *Sutton*, 26 *S. C.*, 33, and the notes thereto in 1 *S. E. Rep.*, 9. With this explanation,

The judgment of this court is, that the judgment of the Circuit Court be affirmed.[1]