## MRS. E. K. BOOTH *v.* KAPUAKELA (w).

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 26, 1896.          DECIDED SEPTEMBER 14, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

A's grantors were sued in ejectment and claimed the entire land, and made no especial claim to a wooden house thereon. Judgment was obtained against A's grantors for an undivided half of the land. The presumption is, in default of evidence, that the house was a part of the real estate, and A is estopped from showing in subsequent proceedings in partition, that the house was erected by her ancestor in title and is her exclusive property.

OPINION OF THE COURT BY JUDD, C. J.

The question in this case appears to be whether a party who was sued in ejectment and against whom a verdict was rendered

for a moiety of the land is, on a bill for partition of the land, estopped to show that a certain wooden house on the common estate was exclusively the property of her ancestor in title.

The Circuit Court affirmed the report of the Commissioner who made a division of the land, awarding one parcel to plaintiff and the other to defendant, the house in question being upon the portion set off to defendant, another house being on the portion set off to plaintiff. It appears that in the trial of the title the present plaintiff's grantors did not make special claim of ownership in the house, but claimed in defense the entire land under a deed from one Pilipo, who the jury found to be entitled to but one-half of the same, and the present defendant the other half. The question of title to the land as it stood, and necessarily of the improvements, hereditaments and appurtenances appertaining, was litigated between the parties, and the verdict of the jury is conclusive that each party was entitled to one-half of the entire estate, including improvements. It was incumbent upon the Commissioner to view and divide the estate as he did. And no exception was made to his report, which presumably took into consideration the value of the house in question as a part of the estate. There is no evidence before us to show whether the house is affixed to the soil so as to be a part of the realty, and in default of such evidence the presumption is that it is of that nature.

In resisting the suit of the present defendant (then plaintiff) at the trial of the ejectment case, it would have been competent for the then defendants (grantors of present plaintiff) to have in their answer claimed the house as exclusively their own, and we doubt not that a verdict would have been rendered in accordance with the proofs adduced. No such claim was made, and the plaintiff is now estopped from making it.

Decree affirmed.

*Magoon & Edings* for plaintiff.

*Kinney & Ballou* for defendant.