E. K. NAHAOLELUA and KIA NAHAOLELUA, her husband, *v.* KAAAHU (w), S. K. KAHAI, C. H. ROSE, LAI SAY, G. LONG, HOLOKAHIKI, and IOANE by his Guardian *ad litem*, Holokahiki.

APPEALS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JAN. 6, 1897.                    DECIDED FEB. 27, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

A tenant in common who has made improvements in good faith on the belief that he was sole owner, is entitled to an allowance for the value of the improvements, upon a sale of the property in partition proceedings.

Such allowance is not limited to the amount of a counter claim for use and occupation, but is limited to the value of the improvements, however much they may have cost.

But there should be no allowance for improvements made voluntarily by third parties, even though made while the premises were in the exclusive possession of one of the cotenants.

An ousted tenant in common is entitled in partition proceedings to an allowance for the use and occupation of the premises by his co-tenant, notwithstanding the ouster was made by such cotenant in the belief that he was sole owner.

Such allowance is limited to the use of the ousted tenant's share, and to the use of that share as it would be without the improvements made by the tenant in possession, and to a period of six years prior to suit, and perhaps to the period subsequent to demand.

### OPINION OF THE COURT BY FREAR, J.

This is a suit in equity for partition. The premises in question, not admitting of an equitable partition, were sold by order of the court, and the only questions raised by these appeals, taken by the plaintiffs and by the defendant Kaaahu respectively, are whether certain allowances should be made for improvements on the one hand and for use and occupation on the other hand, before distributing the proceeds or the balance of the proceeds among the parties in proportion to their respective legal interests in the premises.

Various improvements were made on the premises by the defendant Kaaahu, in good faith and on the belief that she had acquired a good title to the entire premises, and by the defendant Lai Say, a supposed grantee of Kaaahu as to a part of the premises, in good faith and on the belief that he had acquired a good title to that part of the premises.

Under such circumstances, in equity, whatever may be the rule at law or under different circumstances in equity, it is well settled that upon a sale of the premises in partition proceedings an allowance should be made for the improvements. This is doing justice to the one cotenant by giving him the benefit of the improvements made in good faith and solely through his own efforts, and no injustice to the other cotenant by not permitting him to share in the increased value due to improvements to which he has contributed nothing. Equity allows the value of such improvements as against a part owner of the legal title on the principle that he who seeks equity must do

equity. The reason of the rule shows that the allowance for improvements is not limited to the amount of a counter claim for use and occupation. It is not regarded as a mere set off to the counter claim. The reason of the rule shows also that the amount to be allowed for the improvements is not their cost, but their value, or rather the increased value of the premises due to the improvements; the tenant making the improvements should be allowed only the value that he has created, whatever it may have cost him, and the other tenant should not be compelled to pay for what he does not get or what does not exist. These principles are well established. *Leake v. Hayes*, 13 Wash. 213; *Worthington v. Hiss,* 70 Md. 172 (16 Atl. 534); *Annely v. DeSaussure,* 17 S. C. 389 (2 S. E. 490); *Buck v. Martin,* 21 S. C. 590 (53 Am. Rep. 702); *Johnson v. Pelot,* 24 S. C. 254 (58 Am. Rep. 253); *McGee v. Hall,* 28 S. C. 562 (6 S. E. 566); *Ward v. Ward,* 40 W. Va. 611 (29 L. R. A. 449); *Moore v. Thorp,* 16 R. I. 655; *Alleman v. Hawley,* 117 Ind. 532; *Cooter v. Dearborn,* 115 Ill. 509.

To apply these principles to the present case,—the award made to Lai Say, by the Circuit Judge on the Commissioner's report, of $1,000 for buildings and $150 for fences, must stand. These items are undisputed as to their amounts, and upon the foregoing reasoning they were rightly allowed on principle. The same is true of the award of $600 made to Kaaahu for buildings. Upon a further reference to a Master as to improvements more closely connected with the land, the Master allowed, but the Judge disallowed, Kaaahu $150 for a road and $100 for a ditch on the land, and $290 interest on these items for $14\frac{1}{2}$ years at 8 per cent. Upon the above reasoning the items of $150 and $100 should have been allowed. The item of $290 was properly disallowed. Kaaahu and those holding under her had the use of the road and ditch and this took the place of the interest on the investment so far as she was concerned, and, on the other hand, as we have seen, it is only the increased value, not the cost, that can be allowed as

against the other tenant. The Master and the Judge both disallowed a claim made by Kaaahu for over $4,000 for filling in the land, which at the time she took possession was largely low or swamp land. It appears, as found by the Master, that most of this filling in was done, not by or at the expense or by the procurement of Kaaahu, but by others who used the land as a common dumping ground, and the evidence is uncertain as to how much was done or paid for or procured to be done by Kaaahu. Her counsel contends that as it is the value, not the cost, of the improvement that should be allowed, it is immaterial how much it cost Kaaahu. But all the authorities which hold that the allowance should be for the value, as distinguished from the cost, hold so with reference to cases in which the cost exceeds the value. In such cases there is nothing to represent the excess of the cost over the value, and it would be impossible to allow it out of the property or its proceeds. It could be allowed only by compelling one tenant to pay it out of the property to which he is justly entitled, to his cotenant to whom he is under no obligations as to such excess and who can show nothing for it. To disallow an excess of cost over value is very different from allowing an excess of value over cost, or rather a value to which the tenant in possession did not contribute. For in this case we are not required to express an opinion as to what would be the rule if the increment of value were due wholly to the tenant in possession but for some reason or other exceeded the cost to that tenant. In this case much of the filling in was ·done by third parties of their own volition, and the mere fact that one of the cotenants was in possession at the time would not entitle her to the sole benefit of such filling in, although she supplemented it by other filling in at her own expense. Any increment of value occasioned by third parties should be shared by the cotenants in proportion to their respective interests. But in so far as the filling in was done or paid for or, perhaps, procured by Kaaahu she should receive the benefit of it. The amount to which she

is entitled on this claim is uncertain, and the claim will be disposed of below in connection with the counter claim for use and occupation.

It is conceded (and the cases cited above clearly show) that the plaintiffs are entitled to something for the exclusive use and occupation of the premises by the defendants provided there has been an ouster, but it is contended on behalf of the defendants that there has been no ouster. The defendant Kaaahu entered upon the land under a deed from the plaintiffs in 1878 and afterwards made four deeds and one lease of different specific portions of the land, and she and her grantees and lessee held exclusive possession of the entire premises claiming title thereto, and continued to do so after the plaintiffs brought ejectment in 1891 and after they brought this suit in equity and until the court decided that the deed from the plaintiffs to Kaaahu made them tenants in common. See 9 Haw. 600 and *ante*, p. 18. This was sufficient to constitute an ouster, and is more than what was held to constitute an ouster in some of the cases above cited. The fact that the defendants believed they had a good title to the whole property and acted in good faith, did not prevent their acts from constituting an ouster of the plaintiffs. An ouster shown, an allowance for use and occupation or rents and profits follows. But this allowance should be for the use and occupation of the property without the improvements made by the defendants; the plaintiffs are not entitled to compensation for the use of improvements to which they did not contribute, any more than they are entitled to the value of the improvements themselves. See cases *supra*; also *Hannah v. Carver*, 121 Ind. 278. Again, compensation for use and occupation should be allowed only for a period not exceeding six years prior to the bringing of this suit (see cases *supra*), this being the period for which rents and profits could be recovered at law, and perhaps the period should under the circumstances of this case be limited to the time subsequent to the demand by action. See *Leake v. Hayes* and *Johnson v.*

*Pelot, supra,* and *Green v. Biddle,* 8 Wh. 1. Again, it should be allowed, not for the use of the whole unimproved property, but only for the use of the plaintiff's share thereof. The amount of the compensation to be allowed for the use and occupation is, like the amount of the compensation to be allowed for the filling in, entirely uncertain. It is doubtful if one of these amounts would greatly exceed the other. The court, as a court of equity is not bound in cases of this kind to award the exact value of the improvements on the one hand or of the use and occupation on the other. The awards should be made according to the principles above stated only when no injustice would be done thereby. Under all the circumstances of this case we are of the opinion that to offset these two claims, that for filling in and that for use and occupation, against each other would be about as just as any other course that could be pursued. This is a general appeal on the facts as well as the law and this court can dispose of the whole case. Although we could send the case back for further evidence or even take further evidence in this court, we should not care to do so unless justice clearly required it. Much evidence has already been taken by the Master and we doubt if a further reference would result in much additional light. This has been a long litigation and none of the parties should be required to continue it and undergo the consequent further expense and delay, in the absence of very good reason therefor.

We therefore allow the claims for filling in and for use and occupation or rents and profits to offset each other, and allow Kaaahu $150 for the road and $100 for the ditch, in addition to the allowances made by the Circuit Judge, namely, to Kaaahu $600 for buildings, to Lai Say $1,150 for buildings and fences, and the balance of the proceeds, after payment of costs, to the parties in proportion to their respective interests.

*Thurston & Stanley* and *E. Johnson,* for plaintiffs.

*A. G. M. Robertson,* for Kaaahu.

*A. S. Hartwell,* for Lai Say.