## KANOII *v.* G. K. KAIOIPAHIA, G. L. DESHA and MRS. LUNING.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED DECEMBER 20, 1897.    DECIDED FEBRUARY 9, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

Verdict held not contrary to the evidence.

Evidence as to the value of buildings, erected by the defendant or those under whom he claims, on the land in dispute is not admissible in an action of ejectment when there is no claim for mesne profits.

A mortgagor is entitled to possession as against all persons other than the mortgagee and those claiming under him.

Payment of the mortgage debt when or before it is due revests the title in the mortgagor without a reconveyance.

A motion to direct a verdict for the defendant on the ground that the plaintiff had made a deed absolute on its face to a third party and there had been no reconveyance, held properly refused where the defendant himself had shown by parole evidence that the deed was intended as a mortgage and that the mortgage debt had been paid and no question had been raised as to the admissibility of such parole evidence in an action at law.

OPINION OF THE COURT BY FREAR, J.

This is an action of ejectment to recover an undivided half of a piece of land at Kaliu, Honolulu, Oahu, being a portion of the land covered by Royal Patent 3573, L. C. A. 733. The jury found for the plaintiff. The defendant Kaioipahia brings the case to this court on three exceptions.

One of these exceptions was taken to the overruling of defendants' motion for a new trial on the ground that the verdict was contrary to the evidence. The case went to the jury solely on a question of pedigree or relationship. It seems to have been agreed that the land belonged at one time to one Kahaleikekai and that upon her death, intestate and without leaving child or parent, an undivided half of the land descended to her husband, one Kanohohokahi, who afterwards conveyed it to the defendant Kaioipahia. The dispute relates to the other half and the case went to the jury upon the question of fact whether this half, on the death of Kahaleikekai, descended to the plaintiff who claims to have been her brother or to one Kahulekua, claimed to have been her sister and from whom the defendant claims by descent. The testimony for the plaintiff, it is true, as argued by defendant's counsel, was not very satisfactory; still it was such as could sustain the verdict, and it is well settled that a verdict cannot be set aside under such circumstances. The credibility of the witnesses and the weight of their testimony were matters for the consideration of the jury, not of the court. It will serve no useful purpose to review the testimony at length.

An exception was taken to the refusal of the trial judge to allow the defendant to introduce testimony as to the value of the buildings on the land. The testimony was ruled out as immaterial. Upon what theory could it have been admitted? It was the title, not the value, of the property that was in issue. If the theory was that here, as in some states, one who has in good faith put improvements upon the land of another under a mistake as to the title, may claim the value of the improvements, still the evidence was inadmissible in this case, for the value of such improvements in those states may be claimed, in the absence of statutes providing otherwise, only by way of set-off to a claim for mesne profits and in this case there was no claim for mesne profits. We express no opinion as to whether the value of such improvements may be set-off against a claim for mesne profits here. If the theory was that this was a case in which a tenant

in common who has in good faith and under a mistaken belief as to his title put improvements on the land may claim the value of such improvements under some circumstances, still the evidence was inadmissible, for that rule holds only in equity and this is an action at law. *Nahaolelua v. Kaaahu*, 10 Haw. 662. This apparently was the theory upon which the trial judge thought the evidence was offered, for it appears by the record that he accompanied his ruling with the remark that "the only way in which that evidence can be admitted is by bill for partition." If the theory was that the defendant could set up a title to the buildings as distinguished from the land, then, as we have already seen, the value of the buildings was immaterial upon the question of title. A verdict could not be given the defendant for the value of the buildings. Defendant now practically asks this court to consider his offer of evidence and the ruling thereon as made in respect of the title to the buildings, and not their value. This cannot be done. There was no offer of evidence as to title and no ruling upon the admissibility of such evidence. We may add that, to judge from the statements in the court below as set forth in the stenographer's notes as well as from the oral statements at the hearing in this court, defendant relied not upon a legal title to the buildings at all but merely on an equitable claim to their value because they had been put on the land in good faith by those under whom the defendant claimed. The evidence appears to have been offered and the exception taken through a misunderstanding of the case of *Booth v. Kapuakela*, 10 Haw. 414. That was a suit in equity for partition. The plaintiff claimed exclusive legal title to the buildings. The court held that the question of title had been settled in an action of ejectment in which the jury had found that each party was entitled to an undivided half of the land and in which no title to the buildings as distinguished from the land had been set up. The court expressed the opinion that the legal title, if any, to the buildings might have been set up by the defendant in ejectment and a verdict rendered for the plaintiff for the land exclusive of the buildings. No equitable

claim to the value of the buildings was set up in that case and the court expressed no opinion upon such a claim. Cases of the class to which *Booth v. Kapuakela* belongs are to be distinguished from those of the class to which *Nahaolelua v. Kaaahu, supra,* belongs.

An exception was taken to the refusal of the trial judge to instruct the jury, as requested by defendants, to render a verdict for the defendants for the reason that the plaintiff had conveyed his interest in the land to a third party, one Wong Wa Foy. One witness, a lawyer, testified, on cross-examination by defendant's counsel, that he had drawn a paper, on its face a deed, but intended as a mortgage of this land from the plaintiff to Wong Wa Foy, to secure money with which to meet the expenses of this suit, supposed then to be about $200, but that, when it was afterwards ascertained that the expenses would probably amount to about $400, Wong Wa Foy was paid the amount he had loaned, the mortgage to him was torn up and a new mortgage made to the witness for $400. Defendant contends that there should have been a reconveyance by Wong Wa Foy and that until such reconveyance the title was in him and not in the plaintiff. It will be unnecessary to go into the question of the theory of mortgages in this country with respect to the status or legal rights of the parties thereto. It is well settled that as between the mortgagor and a stranger, whatever may be the rule as between mortgagor and mortgagee and those claiming under the latter, the right of possession is in the mortgagor; also that payment of a mortgage on its law day or prior thereto by consent discharges the mortgage and revests the entire title in the mortgagor even as against the mortgagee without any reconveyance, and in this case the evidence was such that the jury might have found that the mortgage was satisfied on or before the day upon which the debt which it secured became due. On either of these grounds the right of possession might have been found to have been in the mortgagor, the plaintiff, as against the defendant. This assumes, of course, that the jury might have found that the deed was in fact a mort-

gage. There was ample evidence admitted from which the jury might have so found. Whether such evidence was admissible— that is, parole evidence in an action at law to prove that a deed absolute on its face was intended as a mortgage—is another question and one upon which it is unnecessary for us to express an opinion. For such evidence was in fact admitted, and was introduced by the defendant himself and without any objection from any one. The question of its admissibility cannot be and is not raised now.

The exceptions are overruled.

*W. R. Castle, P. L. Weaver* and *E. Johnson* for plaintiff.

*J. A. Magoon* and *W. S. Edings* for defendant Kaioipahia.