## SOPHIA H. KAHALEAAHU *v.* MANUEL S. PEREIRA and S. KOBAYASHI.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 17, 1903.        DECIDED NOVEMBER 12, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A suit for dower may be barred by the general statute of limitations applicable to actions for the recovery of land, but the statute does not necessarily begin to run from the death of the husband, as, for instance, when, as in this case, the widow is by the statute permitted to occupy with the heir, without assignment of dower, until the latter objects, and the land remained vacant, and the heir and the widow lived together on adjoining land, and the heir or her grantee did not claim adversely until nine years after the husband's death.

Damages for the detention of dower are allowed under the circumstances only from the date of demand.

### OPINION OF THE COURT BY FREAR, C.J.

This is a suit in equity for assignment of dower and for damages for detention of dower. The plaintiff's husband died intestate seized of the land in question June 29, 1871, leaving a minor daughter as his only heir and the plaintiff as dowress. The land, which is situated on Liliha Street, Honolulu, was then vacant and remained so until the daughter, having come of age, conveyed it to one Naukana, October 7, 1880. During that period, the widow and daughter lived together on other land adjoining the land in question. Naukana leased the land, March 20, 1882, to one Wong Quing for ten years at $65 a year and on April 23, 1883, conveyed it to the defendant Pereira,

who, sometime after the expiration of the lease, filled in the land, which was low and wet, and on May 1, 1899, leased it for fifteen years at $300 a year to the defendant Kobayashi, who erected a hospital upon it. The Circuit Judge held that the plaintiff was entitled to dower and, finding that dower in the land could not be set apart without injury to the owner, ordered it to be paid in money amounting to $511.76, being the present worth, at the legal rate of interest, of one-third the income for the widow's expectancy of life, and allowed further the sum of $827.79 damages, being one-third the rents, and interest thereon, received under the two leases up to the time of the interlocutory decree. The defendant Pereira appealed.

The first question is whether the plaintiff is now entitled to dower at all. No question is raised as to the amount at which her dower interest, if any, was valued. It is contended that her right of action accrued on the death of her husband, in 1871, and that therefore she is barred by the statute of limitations, the period prescribed by which for real actions was twenty years at the time this suit was begun, in September, 1899. There is much difference of opinion elsewhere as to whether general statutes of limitations are applicable to actions for dower (See 10 Am. & Eng. Enc. of Law, 2nd Ed., 205; 19 *Id.* 180) and we have no special statute on the subject; but in our opinion the better rule is that the general statute does apply, and it was so stated in *Makauhana v. Pua,* 6 Haw. 651. But does it run from the time the right to dower accrued, in this case June 29, 1871, when the husband died, or from the time an adverse claim is set up against it, in this case April 23, 1883, when the daughter conveyed? If the latter date, the twenty years had not elapsed when this suit was begun. There is no evidence that the daughter claimed adversely to the widow before that date. The land in question was vacant and they both lived together on adjoining land. There is upon this question also—as to when the statute begins to run—some difference of opinion elsewhere. In South Carolina it seems to be held that it "does not begin to run until there is a possession in some one adverse to the claimant of dower." 10 Am. & Eng. Enc. of Law, 2nd Ed., 206.

In many states the question depends largely on the special wording of the statutes. In *Makauhana v. Pua, supra,* it was held that ouster must be shown when the widow continued to live on the land after the death of her husband, and that in that case the statute did not begin to run until six years after such death, as no ouster was shown before that. The statute permits the widow, "when entitled to dower in land of which her husband died seized," "to continue to occupy the same with the children or other heirs of the deceased, or to receive one-third of the rents, issues and profits thereof, so long as the heirs do not object, without having her dower assigned." C. L., Sec. 1912. It is clear that the statute of limitations would not begin to run against her as long as she continued to occupy the premises or received one-third of the rents, issues and profits without objection, under this section, for she would then be under no obligation to sue for dower in order to protect her rights, although she could do so at any time during such period. Whether, before the enactment of this section (C. L., Sec. 1912), the heir could be considered as having possession in law even if he did not have it in fact, and that the widow had no right of possession at all until after assignment, so as to set the statute running against her immediately upon the death of her husband, we need not say. The view seems to have been entertained that before the enactment of this section the heir and widow were not tenants in common and that adverse possession might be shown without actual ouster or its equivalent, but that since then they should be regarded as tenants in common and that there must be an ouster in order to start the statute. *Paulo v. Malo,* 4 Haw. 536; *Luha v. Holt,* 5 Haw. 182; *Makauhana v. Pua, supra; Jones v. Pooloa,* 11 Haw. 755. It seems to us that when, as in this case, the widow had a right under the statute to occupy the land with the heir or to receive her third of the rents, issues and profits, until objection should be made by the heir, and when the land remained entirely unoccupied, and both heir and widow lived together on adjoining land in a friendly way, the widow would be under no obligation to call for an assignment of dower and

the statute would not begin to run until one of them began to claim adversely to the other. There was no occasion before that for the widow to assert her rights.

It is urged, however, that equity is not bound by the statute of limitations and may deny relief on the ground of laches, even when the statute has not run. It is true "equity aids the vigilant, not those who sleep upon their rights," but it is also true that "equity follows the law" and this seems to be a case for the application of the latter maxim.

The remaining question relates to the time from which damages should be allowed for detention of dower. Should it be from the death of the husband, from the beginning of the adverse possession, from six years back, from demand or from the commencement of the suit? This is often settled by statute, and in the absence of statute some nice distinctions are drawn from varying states of facts, and courts differ greatly. At common law no damages were allowed. But by the statute of Merton, 20 Henry III., C. 1, damages could be recovered from the date of the husband's death, in case the husband died seized. But if the heir pleaded and proved that he was always ready to render dower, damages were allowed only from demand. Generally in the United States the time is either from the death of the husband or else from the date of demand or suit. In some states recovery is made to depend upon whether the husband died seized or not and in other states that makes no difference. In some, recovery against the husband's alienee is allowed only from demand, even though recovery might be had from the heir from the husband's death. See 2 Scribner, Dower, Ch. 25; 3 Sutherland, Dam. 354; 10 Am. & Eng. Enc. of Law, 2nd Ed., 190. To allow in favor of one who, as in this instance, has slept on her rights, and against one who, as here, purchased in good faith, and who might have been in possession for only a short time, damages from the husband's death, in this instance, for some thirty years, does not seem quite right to say the least. That was not allowed at common law and is not required by any statute. Nor is there any rule of law or statutory provision

requiring or permitting an allowance from the time the defendant purchased, say, for about twenty years in this instance. Whether the allowance should be from demand or for six years is perhaps not so clear. Equity, following the law, would not allow damages or an accounting for the profits for more than six years before suit, even if, as held in *Makauhana v. Pua, supra*, by a single Justice and apparently without much consideration, a recovery for that period would be allowed at law. When the heir's alienee has purchased and held in good faith and the widow has slept on her rights, equity should not allow a recovery prior to demand. See *Nahaolelua v. Kaaahu*, 10 Haw. 662, and cases there cited. Several other questions are naturally suggested by the findings below on this matter of damages, but, as they have not been raised, we will express no opinion upon them.

The decree appealed from is reversed and the case is remanded to the Circuit Judge for such further proceedings as may be proper consistently with this opinion.

*L. Andrews* for the plaintiff.

*Robertson & Wilder* for the defendant Pereira.