## TERRITORY OF HAWAII *v.* ANDREW LAMAR WARNER, JR., ALSO KNOWN AS BILL WARNER.

### NO. 2860.

ARGUED APRIL 16, 1952.                    DECIDED MAY 9, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The defendant was indicted on five counts charging him with inducing, compelling and procuring Gertrude Lorraine Davis to practice prostitution and to hold herself out as a prostitute with intent in the defendant to obtain a portion of the gains earned by her as a prostitute.

Section 11676, Revised Laws of Hawaii 1945, as amend-

ed by Act 26, Session Laws of Hawaii 1949, provides: "* * * whoever induces, compels or procures any female to practice prostitution, or to hold herself out as a prostitute, with the intent thereby to obtain and secure from the female any portion of the gains earned by her in such practices; * * *"

Defendant was convicted by a jury in the circuit court of the first judicial circuit and sentenced to serve five years and to pay a fine of one hundred dollars on each count, the prison sentences to run concurrently.

The first question raised on writ of error was whether there was sufficient evidence to go to the jury and whether the verdict of the jury and the sentence of the court were contrary to the law, the evidence and the weight of the evidence.

There is ample evidence to support the verdict of the jury as to defendant's guilt. Not only does it show that the defendant procured one Gertrude Lorraine Davis to practice prostitution with intent to secure from her portions of her earnings, but that she lived with him; he furnished her his automobile and a driver and compelled her to give him the money she earned each night; that when she did not earn one hundred dollars a night, he beat her; that on October 21, 1950, when she failed to earn one hundred dollars he gave her the worst beating that she had ever gotten; he knocked her down, pulled her about the floor, kicked her in the stomach and ribs and punched her in the head. This testimony was corroborated by a physician who testified as to the bruises and abrasions on her body.

The second ground on which the defendant asked a reversal is that the judge committed error in permitting the jury to be informed of the verdict of guilty by a jury in a former case of the same nature against the defendant in which a motion for a new trial was then pending. The contention was that as there was no sentence of final judgment

in the former proceeding, this was not a "conviction" within the terms of section 9842, Revised Laws of Hawaii, that "A witness may be questioned as to whether he has been convicted of any indictable or other offense; and upon being so questioned if he either denies the fact or refuses to answer, it shall be lawful for the party so questioning to prove such conviction."

There are no *Hawaiian* decisions on the meaning of the term "convicted" as used in section 9842, Revised Laws of Hawaii 1945; though the opinion of the attorney general of the Territory held that a verdict or plea of guilty upon which no judgment of sentence had been entered was not within the provisions of the Organic Act excluding from office persons "convicted" of any criminal offense punishable by imprisonment for a term exceeding one year. (Opinions of the Attorney General, Opinion No. 404.)

There is a sharp conflict in the decisions of the various States on the meaning of the words "conviction" or "convicted" as used in statutes disqualifying persons from being witnesses, from holding public office, from securing liquor licenses or imposing additional penalties because of second convictions, etc.

It may be stated generally that where the context of a statute refers to the successive steps in a criminal case or any particular stage of such a prosecution, as distinguished from others, these words apply to the verdict of the jury or the plea, but where reference is to the ascertainment of guilt in another proceeding in its bearing upon the status or rights of an individual in a subsequent case, a broader meaning attaches to the expression and a conviction "is not established or a person deemed to have been 'convicted' unless it is shown that a judgment has been pronounced upon the verdict." *(People* v. *Fabian,* 192 N. Y. 443, 18 L. R. A. [N. S.] 684.)

There is also a split of authority on the meaning of

this term when a former conviction may be used to impeach the testimony of the witness, some holding that a plea or verdict of a jury is sufficient, others that there is no conviction except by judgment rendered on such plea or verdict.

That such impeaching evidence may be admitted, we have *People* v. *Rogers,* 112 Cal. App. 615, 297 Pac. 924; *People* v. *Soeder,* 150 Cal. 12, 87 Pac. 1016.

In *People* v. *Ward,* 134 Cal. 301, 66 Pac. 372, the court ruled as follows: "It is contended that, at the time the witness testified, he had been 'convicted of a felony'; that to sustain the ruling of the court it must be assumed, as a matter of law, that the verdict of guilty constituted a 'conviction.' That such verdict does constitute a conviction, within the ordinary as well as the technical meaning of the word, seems to be well settled. Blackstone (book 4, p. 362), after speaking of the verdict of acquittal, says: 'But if the jury find him guilty, he is then to be convicted of the crime whereof he stands indicted; which conviction may accrue two ways, — either by his confessing the offense and pleading guilty, or being found so by the verdict of his country.' "

In *Wharton's Criminal Evidence,* vol. 3, § 1376, we find the following statement: "To make the evidence of conviction admissible for impeachment purposes it is not necessary that the court should have passed final judgment if the witness entered a plea of guilty or the jury found him guilty and the court received and entered such plea or verdict. Hence, the witness's conviction may be shown, although he was paroled before sentence, although by virtue of statutory provision, the rule has been held to be different as to a person charged with a felony who pleaded guilty and was admitted to probation and discharged after the expiration of his probationary period. Nor does a commutation of sentence affect the admissibility of proof of

the conviction. If the witness was pardoned after the conviction, both the conviction and the pardon may be shown, as a pardon does not preclude such conviction from being put in evidence." (See *Curtis* v. *Cochran,* 60 N. H. 242; 20 R. C. L. 565.)

Also, on the question of the effect of pendency of an appeal there is the same conflict of authorities. Some cases hold that proceedings operating in suspension of "the judgment" prevent the adjudication of guilt on verdict from constituting a "conviction"; others, that the pendency of an appeal or other proceedings in suspension of judgment do not operate to prevent placing in evidence prior establishment of guilt by verdict of a jury. *(Jones* v. *State,* 32 Tex. Cr. 135, 22 S. W. 404; *Hackett* v. *Freeman,* 103 Iowa 296, 72 N. W. 528.) However, the former case *(Jones* v. *State, supra)* can be distinguished on the direct provision of the code that "an accused person is termed a convict after final condemnation by the highest court of resort which, by law, has jurisdiction of his case, and to which he has thought proper to appeal."

The better rule would seem to be that where there is any forfeiture of rights or any additional penalties because of a former conviction, that to have a "conviction" a judgment must be entered. As stated in *Commonwealth* v. *Richards,* 17 Pick. (Mass.) 295: "Under the common law a man would not forfeit his civil rights until after he had been *attainted* and this followed the sentence, whereas he was *convicted* of the offense by the verdict of a jury; that is, by the determination of his guilt or innocence by the tribunal authorized to sit in judgment on that issue." (Emphasis added.)

But where the conviction merely goes to the credibility of a witness, it would seem that at least until the conviction is reversed, set aside or vacated, such evidence should be admitted as bearing on the credibility of the witness.

In the present case counsel strongly sets forth that evidence of the conviction of the defendant before a jury for the crime of pimping is highly prejudicial and that it antagonized the jury. Admitting this may be true, that it would be highly prejudicial to introduce any such evidence, but when the accused himself becomes a witness he is subject to all the tests of credibility applicable to any other witness, including former convictions of crime. *(Wharton's Criminal Evidence,* 11th ed., § 1323, pp. 2200, 2201.)

However, there is an additional reason why the admission of evidence of the former conviction of the defendant is not in error, as the defendant's attorney himself brought out this evidence. "A party cannot avail himself of error in a ruling refusing to exclude evidence brought out by himself." *(Gadsden Grocery & Feed Co.* v. *McMahen,* 40 So. 87 [Ala.]; *Kanoii* v. *Kaioipahia,* 11 Haw. 326.)

The record shows that the defendant, who took the stand as a witness, on cross examination by the Territory denied that he had ever been convicted of pimping on June 2, 1950. After asking that the jury be excused, the Territory then offered to prove that defendant had been convicted of pimping and procuring on June 2, 1950, in a jury trial. There was some argument that inasmuch as a motion for new trial was pending, there was no conviction within the terms of the statute. During the argument the court appeared to be of the opinion that the verdict of the jury, unreversed, was a conviction within the meaning of the statute. However, at the conclusion of the argument the jury was called back into the courtroom and the judge made the following ruling: "Let the record show that the jury has returned to the jury box. The offer of proof by the Territory will be denied at this time with the right of the defendant to resume the stand for the purpose of clarifying testimony *if he so desires.*" (Emphasis added.)

After objecting to the court's "ruling," counsel for de-

fendant recalled the defendant to the witness stand and on redirect examination questioned him regarding the verdict of guilty by the jury in the former case then pending on motion for new trial.

"Q    Mr. Warner, in response to a question asked by the Prosecution as to whether you were convicted on June 2, 1950, of procuring you answered no.  Now it is a fact, is it not, that you were tried in the Circuit Court in Honolulu about that date, and on that date you were found guilty of procuring?

"A    Yes.

"Q    And a motion for a new trial was made by your attorney?

"A    Right.

"Q    And that motion for a new trial has never been disposed of, is that correct?

"A    That's right.

"Q    It is still pending before the judge who heard the case?

"A    That's right.

"Q    And I as your attorney had instructed you before the trial that I considered that that conviction was not a conviction until it was finally disposed of, is that correct?

"A    That's right.

"Q    And that is the reason you gave the answer that you did?

"A .  Yes."

No further questions were asked and no additional evidence was introduced by the Territory on this matter.

Judgment affirmed.

*M. C. Symonds (Bouslog & Symonds* on the briefs) for plaintiff in error.

*R. E. St. Sure,* Assistant Public Prosecutor (also on the brief), for defendant in error.