THE EMPLOYEES' RETIREMENT SYSTEM OF THE TERRITORY OF HAWAII *v.* WAH CHEW CHANG, AND MARY K. CHANG, INDIVIDUALLY, AND MARY K. CHANG, ALSO KNOWN AS MARY KII CHANG, ADMINISTRATRIX OF THE ESTATE OF AH HEEN CHANG, DECEASED.

No. 3089.

ARGUED APRIL 30, 1958.        DECIDED MAY 21, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is an action of interpleader brought by The Employees' Retirement System of the Territory of Hawaii against Wah Chew Chang, a brother, and Mary K. Chang, widow, of Ah Heen Chang, and Mary K. Chang as administratrix of the estate of Ah Heen Chang, deceased, to determine who is entitled to the benefits payable by plaintiff on account of the death of Ah Heen Chang, a member of the Retirement System at the time of his death.

Wah Chew Chang claimed as the beneficiary designated by his deceased brother. Mary K. Chang, administratrix of the estate of her deceased husband, claimed as such administratrix under the provisions of section 708 (8), as amended and modified by section 718.01, Revised Laws of Hawaii 1945.

There is no dispute as to the facts set out in the complaint which are admitted by the answers. It appears from the complaint that Ah Heen Chang was a territorial employee and a member of the Employees' Retirement System; that in 1937, while unmarried, he filed a designation of beneficiary naming his brother, Wah Chew Chang, appel-

lant herein, as such beneficiary. In 1950 Ah Heen Chang married Mary K. Chang, one of the appellees herein. In 1951, Act 156, Session Laws of Hawaii 1951, was passed, amending chapter 15 of the Revised Laws of Hawaii 1945, dealing with the Employees' Retirement System. In 1955, Ah Heen Chang died, leaving surviving his widow, Mary K. Chang, and several minor children. No designation of his retirement benefits had been made other than that to Wah Chew Chang in 1937. Letters of administration upon the estate of Ah Heen Chang were issued to Mary K. Chang in August 1955.

Act 156, Session Laws of Hawaii 1951, added a new section to chapter 15, Revised Laws of Hawaii 1945, which provided as follows:

"Sec. 718.01. [*Named beneficiaries, effect of marriage or death.*] All nominations of beneficiaries by written designation made by one who is unmarried, or whose spouse predeceases him, shall become null and void upon the subsequent marriage of such person and such subsequent marriage shall operate as a complete revocation of such designation and all benefits payable by reason of the death of such person shall be payable to his legal representatives, unless, after such marriage, he shall have made other provision in a written designation duly executed and filed with the board."

The court below found in favor of Mary K. Chang, administratrix, setting forth in its findings and decision, in substance, that: (1) the designation by Ah Heen Chang of his brother, Wah Chew Chang, as his beneficiary, did not create any vested right or claim in said benefits in favor of said Wah Chew Chang; (2) that benefits provided by section 708 (8), Revised Laws of Hawaii 1945, are payable in such manner as may be governed by law at the time of death of each member; and (3) that the law in effect at the death of Ah Heen Chang, section 708 (8) as

amended by Act 156, Session Laws of Hawaii 1951, and Act 12, Session Laws of Hawaii 1955, requires the death benefits to be paid to Mary K. Chang, administratrix of the estate of Ah Heen Chang, deceased. From this decision the brother appealed to this court.

Appellant makes two claims: (1) that Act 156, Session Laws of 1951, is prospective both "in language and in operation"; and (2) that if the construction of the court below giving this statute "retrospective operation" is adopted, then the statute is unconstitutional.

First, as to the language: While "We are not unmindful, to paraphrase Mr. Justice Frankfurter and Judge Learned Hand, that the literal words of a statute sometimes can be misleading, and that we do not stop but only begin with the words," (*Smither and Company, Inc.* v. *Coles*, 242 F. [2d] 220, 222), yet an examination of the wording of the statute is not such as indicates the future. The words "shall become null and void" go with the words "upon the subsequent marriage"; a marriage *subsequent to the designation of the beneficiary* and not subsequent to the time of the enactment of the statute, or any other time. In the present case, the marriage was fifteen years *"subsequent"* to the naming of the beneficiary and thus comes within the wording of the statute.

However, before discussing the intent and purpose of the legislature in passing the Act, and the proper interpretation of the statute, we shall briefly touch upon the constitutionality of the Act as a "retrospective law." Mr. Justice Story's definition has become a classic and is as follows: "Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty or attaches a new disability in respect to transactions or considerations already past, must be deemed retrospective." (2 Story, *Constitution*, § 1398.) This definition of Story's is set forth in 82

Corpus Juris Secundum, *Statutes,* section 412 (cited in appellant's brief) as follows:

> "* * * A retroactive or retrospective law, in the legal sense, is one that takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect of transactions or considerations already past. However, a statute does not operate retroactively merely because it relates to antecedent events, or because part of the requisites of its action is drawn from time antecedent to its passing, but is retroactive only when it is applied to rights acquired prior to its enactment."

Clearly, the statute before us does not take away or impair any vested rights acquired under the existing Employees' Retirement System Act. The Act in question, disposing of the retirement benefits at the death of the employee, is similar in many respects to the law relating to inheritance and wills. It is well settled that the law governing the descent of property is that in force at the time of the death of the ancestor, the rights of the heirs being considered arising as of that time. (*Paulo* v. *Malo,* 4 Haw. 536; *Trust Estate of Geo. H. Holt, Deceased,* 42 Haw. 129.)

In *Ostrander* v. *Preece,* 196 N. E. 670, 671, challenging the constitutionality of a statute in force at the decedent's death, the court said:

> "A legislative enactment, repealing, modifying, or changing the course of descent and distribution of property and the right to inherit or transmit property is not an unlawful interference with or deprivation of vested rights, and unless expressly inhibited by constitutional provision, is to be deemed valid." (Case annotated 103 A. L. R. 218.)

It is unnecessary to cite many of the numerous author-

ities on the elementary proposition that the law in force at the time of the death of decedent governs the distribution of his property, whether it be the rights of heirs, of the widow, of adopted children, of legitimatized children, or of divorced people. The right of the legislature to diminish or abolish such rights in the estate of the deceased before such rights have become vested cannot be questioned.

On the question of inchoate rights of dower see 28 Corpus Juris Secundum, *Dower,* section 5, page 68, as follows:

> "*Statute controlling.* Since, as discussed in Constitutional Law § 227 b, it is within the power of the legislature to diminish, alter, or abolish dower so long as the right thereto is merely inchoate, but not after it becomes consummate by the death of the husband, it follows as a general rule that the widow's right to dower in lands of which the husband died seized is governed by the law in force at the time of his death."

To a similar effect see *Schoellkopf* v. *De Vry,* 7 N. E. (2d) 757; *Skelly Oil Co.* v. *Murphy,* 24 S. W. (2d) 314; *Sanders* v. *Taylor,* 104 S. W. (2d) 797 (Arkansas).

As to a statute applying to the rights of children adopted prior to its own enactment, see our own case of *Leialoha* (k) v. *Wolters,* 21 Haw. 304, 308, wherein the court said:

> "The obvious purpose of the legislature was, to clothe the adopted child, *whether adopted before or after the enactment of the statute,* with the same rights of inheritance that the natural child enjoys."
> (Emphasis added.)

See also *In Appeal of Latham,* 126 Atl. 626; *Sorenson* v. *Rasmussen,* 131 N. W. 325.

On the question of the effect of a divorce upon a will, see *In Re Ziegner's Estate,* 146 Wash. 537, 264 Pac. 12. In this case a will was executed in 1912, devising property

to the wife of the testator; in 1916 testator divorced his wife; in 1917, *subsequent* to the divorce, the legislature enacted a statute providing "* * * A divorce, *subsequent to the making of a will, shall revoke the will* as to the divorced spouse." (Emphasis added.) The testator died in 1927. The question was as to the effect of this statute enacted after the divorce upon a will executed before the divorce. The court held that the statute revoked the will executed before the Act went into effect, in view of the ambulatory nature of wills and the fact that there is no vested interest in a will so long as the maker is alive. The will speaks as of the date of the testator's death and must conform to the laws in force at that time. This decision, in commenting upon some early cases that seemed to hold a contrary view, stated that these early cases seemed more concerned with the intentions, or supposed intentions, of the testator only and did not consider *the absolute and paramount rights of the State to step in and impose such limitations on the rights to transmit by will as it may see fit.*

Courts holding that such statutes do not apply to marriages prior to the passage of the statute, go not upon the power of the legislature to effect a change in the law of descent upon marriages, but upon the question as to the *intent* of the legislature. The case referred to in appellant's brief states it thus: "The question is not so much whether the statute affects rights which were vested before its passage as what was the *intention* of the legislature." (Emphasis added.)

As it is obvious the statute is not unconstitutional although applying to marriages prior to the enactment of the statute, let us see if the legislative intent was that all designations of a beneficiary made by a member of the Retirement System prior to his marriage should become void by subsequent marriage regardless of whether the

marriage was made prior or subsequent to the enactment of the statute.

Counsel for appellant bases his entire case upon the "rule" that retrospective laws are not favored and all laws will be construed as prospective unless the purpose and intention of the legislature to give them a retrospective effect is expressly declared or is necessarily implied in the language used, quoting from *Robinson* v. *Bailey,* 28 Haw. 462. The *Robinson* case cites as its authority the United States Supreme Court case of *Auffm'ordt* v. *Rasin,* 102 U. S. 620. However, it will be noted that the latter case held "The rights of the parties were therefore fixed before the new law was passed. * * * To hold that Congress intended by this amendatory statute to take away that right of action, is to hold that it intended by a retrospective statute to destroy a *vested right of property* or an *existing right of action."* (Emphasis added.)

So far as the so-called retroactive statute comes within Story's definition thereof, we have no quarrel with this statement; however, as pointed out in numerous cases, "A statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends, or some of them, are drawn from a time antecedent to the enactment." (*Reynolds* v. *United States,* 292 U. S. 443, 449, citing *Cox* v. *Hart,* 260 U. S. 427, 435, and cases therein.)

*In Re Ziegner's Estate, supra,* in its decision regarding the so-called retroactive law relative to revocation of wills, states in the syllabus as follows:

"Rem. Comp. Stat., § 1399, providing that *a divorce subsequent to the making of a will shall revoke the will* as to the divorced spouse, is retroactive and operates to *revoke* a will executed before the above act went into effect, in view of the ambulatory nature of wills and that there is no vested interest in a will so long

as the maker is alive." (Emphasis added.)

*Palea* v. *Rice,* 34 Haw. 150, stated that the paramount rule in the construction of a statute is to give effect to the intention of the legislature if it does not run counter to some constitutional inhibition. Its syllabus contains the following statement:

"Same [Statutes] — retroactive.

"Notwithstanding the well-established general rule that statutes are to be construed as having only a prospective operation, and not as operating retrospectively, it is equally well settled that where the legislative intent is clearly manifest that they should operate retroactively, the intent will be given effect."

Courts in this and in other jurisdictions have set up general rules for determining legislative intent in the matters of statutory construction but, like the folksy expression "all signs fail in dry weather," where a "particular rule" of construction would defeat the obvious intent of the legislature, the "rule" must be disregarded.

In several recent cases we have had occasion to discuss a number of "rules" dealing with statutory construction; among the cases are *Costa et als.* v. *The Flintkote Company,* 42 Haw. 518; *Kamanu et als.* v. *E. E. Black, Ltd.,* 41 Haw. 442; *Chang et als.* v. *Meagher,* 40 Haw. 96.)

In *Chang* v. *Meagher, supra,* it is stated that the purpose of a statute frequently justifies a departure from the literal construction of the wording; that a thing which is within the intention of the statute is as much within the statute as if it were within the letter. This well settled doctrine was first set forth in *Brewer* v. *Blougher,* 14 Pet. 178, and followed by numerous other cases in the Supreme Court of the United States. In the *Chang* v. *Meagher* case, *supra,* it was pointed out the cause that induced the legislature to enact the statute and the reason and spirit of the law must be considered, and that while a more desir-

able construction of a statute is that which is consistent with both the spirit and the letter of the law, frequently the purpose of the Act justifies a departure from the literal construction of the wording.

In the *Kamanu* case, *supra,* this court stated that in construing a statute the court may look to the history of the statute, the objects to be accomplished, the evils and mischiefs to be remedied, and may examine the history of the passage of the Act, the reports of committees, etc.

In the case before us, the obvious purpose of the legislature was to clothe the widow and the children with the right to inherit the retirement-system benefits unless the employee designates otherwise *after* his marriage.

Reports of the committees of both the House and the Senate strengthen the conclusion that the intent of the legislature was that the designation of a beneficiary was revoked by any marriage thereafter of the employee. The Senate Journal reported that a "designation of beneficiary" made and filed with the Retirement System by an employee will be revoked by operation of law upon the subsequent marriage of such member. It further states that the Act is intended to correct the injustice that frequently results when an employee before marriage has designated a member of his family by birth as a beneficiary and upon marriage forgets to revise such designation, thereby causing his family by marriage, namely, his wife and heirs, to fail to receive benefits which rightfully should be theirs. It also states that the Act does not prevent a member from making any designation he may choose after marriage. It provides that the prior designation will be revoked by operation of law and in the event the employee does not make a subsequent designation the benefits from the Retirement System will go to his estate.

The House Journal report is similar in substance. It says:

"The purpose of this bill is to add a new provision to the statutes governing the Territorial Retirement System, which will automatically void the beneficiary named by an unmarried Retirement System member upon his marriage. It also provided, however, that after such marriage, if the Retirement System member wishes to name as his beneficiary an individual other than his wife, he may do so. In the event he does not later designate a beneficiary, then the retirement benefits will, by law, go to his estate.

"This provision is a safeguard for the members, wife and children in case he unintentionally neglects to make the change in beneficiary at the time of his marriage.

"Your Committee is in accord with the purpose of this bill and recommends that it do pass." (1951 House Journal, p. 585.)

It is also interesting to note the senate committee report on a further amendment to this Act in the 1955 legislature, namely, Act 12, Session Laws of Hawaii 1955, which added to the former provisions that all nominations of beneficiaries shall become null and void "when * * * the member is divorced from the beneficiary * * *" stated "Your Committee has found that many members have not changed the designation of their beneficiaries in the circumstances referred to in the bill. The *purpose* of this bill is to *insure* that *proper beneficiaries* are named and that payment of any benefits will be made to the *proper parties.*" (Emphasis added.)

It appearing that the designation of decedent's brother as beneficiary was revoked by the subsequent marriage of the deceased and that no other beneficiary had been designated subsequent to such marriage, the death benefits go to the estate of the deceased, and the ruling of the trial judge to that effect is

AFFIRMED.

*Frank D. Padgett* (*Robertson, Castle & Anthony* and *Enos Vincent* with him on the brief) for appellant.

*Wendell F. Crockett* (also on the brief) for Mary K. Chang, Administratrix of the Estate of Ah Heen Chang, deceased, appellee.